# EXHIBIT J

REDACTED

---------- Forwarded message ---------
From: **Davis, Lorraine** <ldavis18@northwell.edu>
Date: Thu, Jul 9, 2026 at 10:43 AM
Subject: Fw: Accommodation
To: Lorraine Davis <obrien3884@gmail.com>

---

**From:** Davis, Lorraine <ldavis18@northwell.edu>
**Sent:** Tuesday, May 19, 2026 12:30 PM
**To:** Sisto, Vanessa <vsisto@northwell.edu>
**Subject:** Re: Accommodation

Thanks, Vanessa. Will your update include the hospital's position on only being able to serve as a nurse if I can perform CPR?

Also, can you please explain what HR will do as part of its investigation?

Thank you,
Lorraine

***Lorraine Davis***
***Registered Nurse***
***Northwell Health, Mather Hospital***

*Phone 631-473-1320*
*Ldavis18@northwell.edu*

---

**From:** Sisto, Vanessa <vsisto@northwell.edu>
**Sent:** Tuesday, May 19, 2026 11:25:11 AM
**To:** Davis, Lorraine <ldavis18@northwell.edu>
**Subject:** RE: Accommodation

Hello Lorraine,

Thanks for your response. I've opened a Human Resources investigation regarding your discrimination concern, and the investigators will reach out to you shortly for an interview. Thank you for clarifying the CPR question; I will reach out with an update regarding your accommodation as soon as possible.

Regards,

Vanessa

---

**From:** Davis, Lorraine <ldavis18@northwell.edu>
**Sent:** Monday, May 18, 2026 1:28 PM
**To:** Sisto, Vanessa <vsisto@northwell.edu>
**Subject:** Re: Accommodation

Hi Vanessa - Yes, I can perform life-saving techniques such as CPR.

Even so, is it the hospital's position that I can only be a nurse if I can do CPR? There are many other tasks I can do as a nurse that do not require CPR or other perform life-saving techniques. It seems like the hospital is trying to force me out simply because I am pregnant.

Also, on May 8, I had a conversation with my manager, Catherine about possibly working for another department while working with my requested accommodation. Neither Catherine nor anyone else at the hospital has gotten back to me about that possibility. Instead, I continue to be forced to stay out on leave even though I am able to work.

Additionally, I made a complaint of discrimination to Caroline over the weekend. Has that been shared with you? I have copied the complaint below just in case. I'd like to understand what the hospital is going to do to address my complaint.

Thanks,

Lorraine Davis

-------------------------------------------------------------------------------------------------------------------------

Dear Caroline,

I am writing to you as I believe I am being discriminated against because I am pregnant, and I have requested and was granted accommodation related to my pregnancy.

Unfortunately, beginning on Friday April 3, 2026, I began experiencing vaginal bleeding related to my pregnancy. As you may know, vaginal bleeding early in pregnancy can be concerning because it may signal a threatened miscarriage or other pregnancy-related complications that can require reduced physical activity, modified duties, additional breaks, or other workplace accommodations. Because of the bleeding, my OB/GYN stated that I needed workplace accommodations. Specifically, my OB/GYN said that I could not lift anything that weighs more than 10lbs and that I should limit continuous standing to 1-2 hours. On April 6, 2026, I informed my supervisor, Catherine Castro, about my vaginal bleeding and the doctor's order of need for accommodation. Her response placed doubt that I could work in our unit's light duty position with those restrictions.

The next day, April 7, Catherine informed me I needed to submit my request for accommodations to Employee Health and call out sick for that week. That same day, I submitted my request for accommodations to Employee Health and provided them with a letter from my OB/GYN relating to my need for pregnancy accommodations. On 4/10, I was seen in the Employee Health office and was granted approval for my request, permitting me to return to work on light duty. I informed Catherine about the approval, Catherine again claimed that it was unlikely that I could perform the role of a light-duty RN. However, I was not told me what tasks I would not be able to complete with accommodations. Instead, she refused to allow me back to work (including my request to complete mandatory online education) until there was an “official decision” from Team Member Services, forcing me to use my accrued PTO.

On April 10, 2026, Catherine and Employee Health claimed that the letter from my OB/GYN was not specific enough. On April 13, 2026, I sent an updated letter from my OB/GYN which states “The patient is requesting the following accommodations form 4/7-5/3. Limiting lifting to under 10 lbs, standing up to 2 hours at a time, with 5-minute breaks in between. Pt is able to work 12.5 hour shifts up to 4 days a week with no restrictions on walking.” The next day, Employee Health approved my request for accommodations for April 14 to May 3. On April 29, 2026, after being seen in my OB/GYNs office, I provided Employee Health with another letter from my doctor stating that my accommodations needed to be extended through June 24. Employee Health confirmed receipt of the letter and approved the extension via telephone call the same day.

Even though my request for accommodations was approved since I first put my request in, Catherine or other nursing supervisors either did not allow me to report to work or sent me home early claiming there was no work for me to do which was not true. For the last week and the next few weeks, I have been removed from scheduled shifts, effectively revoking Employee Health's

decision granting my request for accommodations. On May 8, 2026, I contacted HR and complained about being discriminated against because of my pregnancy accommodations. In the complaint, I explained that I have been told to go home early on multiple occasions or not scheduled on shifts. I also said that I am being treated differently because of my pregnancy and pregnancy accommodations, because other employees who are not pregnant and who do not need accommodations are regularly being placed in what are considered light-duty roles. However, the hospital still has not taken any meaningful action in response to my complaints.

I am ready and able to return to work with the accommodations my doctor has prescribed. When can I return to work?

Also, what will the hospital do to address my complaint of discrimination?

Additionally, will the hospital reinstate PTO time I have been forced to expend because I have been wrongly sent home early and denied work shifts?

Thank you,

Lorraine Davis

---

**From:** Sisto, Vanessa <vsisto@northwell.edu>
**Sent:** Monday, May 18, 2026 11:01 AM
**To:** Davis, Lorraine <ldavis18@northwell.edu>
**Cc:** Zhang, Caroline <czhang10@northwell.edu>
**Subject:** Accommodation

Hi Lorraine,

I am covering for Caroline Zhang who is out of the office. I understand she was in

communication with you regarding your medical accommodation and was awaiting your response on whether you are able to independently perform life-saving techniques such as CPR. Kindly let me know your response.

Thanks,
Vanessa

**Vanessa Sisto**

Director, Employee Relations

Advice & Counsel Center

People Leader Services

Northwell Health

Cell: (516) 865-5686

Email: vsisto@northwell.edu

**Northwell Health**

Visit us at Northwell.edu

The information contained in this electronic e-mail transmission and any attachments are intended only for the use of the individual or entity to whom or to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution, copying or disclosure of this communication and any attachment is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by telephone and electronic mail, and delete the original communication and any attachment from any computer, server or other electronic recording or storage device or medium. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, physician-patient or other privilege.